UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRI LAMBERT**                                                                  **CIVIL ACTION**

**VERSUS**                                                                          **No. 06-8215**

**STATE FARM FIRE AND CASUALTY COMPANY**                       **SECTION: I/3**

## ORDER AND REASONS

Before the Court is a motion *in limine* filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm").[1] For the following reasons, State Farm's motion is **GRANTED**.

Plaintiff, Terri Lambert ("Lambert"), owns a home located at 418 Moonraker Drive, Slidell, LA 70458, which was damaged when Hurricane Katrina made landfall on August 29, 2005.[2] Prior to August 29, 2005, State Farm issued a homeowner's insurance policy[3] (the "homeowner's policy") to Lambert which provided $198,600.00 in building structure coverage, $148,900.00 in contents coverage, and $19,860.00 in dwelling extension coverage.[4] Also prior to August 29, 2005, State Farm, in its capacity as a Write Your Own ("WYO") insurer, issued a Standard Flood Insurance Policy ("SFIP")[5] to

---

[1] Rec. Doc. No. 101.

[2] Rec. Doc. No. 1-2, p. 3, para. III.

[3] The homeowner's policy number is 18-CA-6736-2.  Rec. Doc. No. 1-2, p. 3, para. II.  The policy provided coverage for damages caused by wind.  Rec. Doc. No. 26-3, Statement of Uncontested Material Facts.

[4] Rec. Doc. No. 1-2, p. 3, para. II.

[5] The SFIP number is RK-8433-8.  Rec. Doc. No. 26-3, p. 1, para. 2.  The policy provided coverage for damages caused by flood waters.  *Id.*

Lambert pursuant to the National Flood Insurance Program ("NFIP").[6]

As a result of the damage to her home caused by Hurricane Katrina, Lambert filed insurance claims pursuant to her homeowner's policy and her SFIP.[7] In response to those claims, State Farm inspected Lambert's home.[8] Thereafter, State Farm paid Lambert $29,932.38 under her homeowner's policy for wind damage to Lambert's home and $190,185.76 under the SFIP for flood damage to Lambert's home and contents.[9]

On August 31, 2006, Lambert filed a lawsuit in state court alleging that State Farm breached the terms of the homeowner's policy by underpaying Lambert for wind damage to her home and contents.[10] Lambert claims that, as a result of State Farm's alleged conduct, she has sustained multiple damages, which include: (a) past, present, and future mental anguish and distress, (b) underpayment of the reasonable cost of repairs to her home, (c) nonpayment for damages to the contents of her home, and (d) nonpayment of the appropriate amount for additional living

---

[6]Rec. Doc. No. 26-2.

[7]Rec. Doc. No. 26-3, pp. 1-2, paras. 3-4.

[8]*Id*.

[9]*Id*. Pursuant to the SFIP, State Farm issued Lambert $155,185.76 for flood damage to her home and $35,000.00 for flood damage to her contents. *See* Rec. Doc. No. 69-7.

[10]Lambert alleges that she was underpaid under the homeowner's policy in the amount of $35,100.00 for damages to her home and other structures, $29,800.00 for lost contents located in her home and other structures, and $9,600.00 in unpaid additional living expenses. *Id.* at p. 4, para. VII.

expenses.[11]  Lambert also claims that State Farm's alleged conduct was arbitrary and capricious and, therefore, Lambert is entitled to recover statutory penalties, interest, and attorneys' fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220.[12]  State Farm removed Lambert's lawsuit to this Court on October 16, 2006.[13]

State Farm anticipates that Lambert will attempt to introduce evidence pertaining to State Farm's adjustment of Katrina claims for thirty-five (35) separate properties located within a quarter (1/4) of a mile of Lambert's home (referred to as the "other properties" of the "other claims").[14]  State Farm argues that this evidence should be excluded as irrelevant because Lambert cannot establish that her property was substantially similar to the other properties at the time Katrina made landfall.[15]

For the Court to find that the evidence at issue is relevant, and, therefore, admissible, Lambert's property and the other properties "must have been of such a similar nature and situation at the time Katrina struck that evidence as to what happened at [the other properties] could be probative of what happened at [Lambert's property]." *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d

---

[11]*Id*. at p. 5, para. XI.

[12]*Id*. at p. 4, para. X.

[13]Rec. Doc. No. 1.

[14]*Id*. at p. 1.

[15]*Id*. at p. 5.

463, 469 (E.D. La. 2007) (Vance, J.).[16]  "A blanket exclusion of any evidence relating to other properties is inappropriate . . . because what happened at another property may, given appropriate similarity between the properties, make the existence of a fact as to what happened to [Lambert's] property more probable."  *See Weiss*, 512 F.Supp.2d at 468.

United States Magistrate Judge Daniel E. Knowles, III, previously held, and this Court affirmed, that Lambert would not have unfettered access to State Farm's claims files for the other properties.[17]  Instead, State Farm was required to produce any witnesses' statements and testifying experts' reports bearing on the issue of tornadic damage to the other properties.[18]  State Farm claimed that none existed.[19]

With respect to the damage to the other properties, Judge

---

[16]Rule 401 of the Federal Rules of Evidence provides that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority."  Fed. R. Evid. 402.  "Evidence which is not relevant is not admissible."  *Id*.
  Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

[17]Judge Knowles held that unfettered access to 35 State Farm claims files would not alter the fact that the discovery sought with respect to tornadic activity/funnel cloud damage does not exist.  Rec. Doc. No. 65.

[18]Rec. Doc. No. 65.

[19]Judge Knowles further held, and this Court affirmed, that whether the Wind & Water Protocol was adhered to with respect to the other properties is not an issue in this case.  Rec. Doc. No. 65, p. 2.

Knowles did not prohibit Lambert from presenting her own relevant and admissible evidence that tornados damaged the other properties. However, having thoroughly reviewed Lambert's arguments concerning the admission of evidence relating to the other properties, the Court finds that Lambert has failed to provide any evidence or documentation that her property and the other properties were so similar that evidence relating to the damage sustained by the other properties should be admitted for the purpose of demonstrating the cause of damage to Lambert's property.[20]

Lambert asserts that her property and the other properties are similarly constructed and in close proximity, i.e., within 1/4 of a mile of Lmabert's property. However, Lambert offers no explanation as to how her property and the other properties are

---

[20] In *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, 469 (E.D. La. 2007), plaintiff sought to introduce evidence concerning damage to her neighbor's property in order to show that "it was more likely than not that the same conditions (*i.e.*, hurricane winds have the force of a tornado) caused the destruction at [plaintiff's property]." Judge Vance found that evidence relating to the neighbor's property was relevant to the damage sustained by plaintiff's property because:

(1) the two properties were located 100 feet apart on a narrow peninsula a few hundred feet across that extends into Lake Pontchartrain;
(2) both properties were insured by Allstate;
(3) both homes faced east and had their back sides near the open waters of Lake Pontchartrain;
(4) the other side of each structure faced a bayou;
(5) both homes were two stories before they were destroyed by Katrina;
(6) both homes featured a considerable amount of glass in their respective exteriors; and
(7) plaintiff's home was built on a concrete foundation and the neighbor's home was built on a concrete-reinforced foundation.

structurally similar. More importantly, Lambert's broad assertion that the other properties are within 1/4 of a mile from her property fails to establish the exact location of the other properties and, therefore, it renders the Court incapable of determining whether each of the 35 properties at issue in this motion is similar enough to Lambert's property such that the damage sustained by those properties is relevant to Lambert's residence. *See, e.g., Weiss*, 512 F.Supp.2d at 471-72 (discussing the "Nugent" and "Aucoin" properties).

Absent a showing that independent, relevant, and admissible evidence exists relating to damage to properties surrounding Lambert's home, Lambert will not be permitted to present evidence concerning the cause of damage to other Katrina-damaged properties for the purpose of demonstrating that her property was damaged by wind.

With respect to State Farm's compliance with the Wind & Water Protocol, nothing in Judge Knowles' order precludes Lambert from questioning State Farm's witnesses or from presenting evidence concerning whether State Farm adhered to the Wind & Water Protocol when adjusting Lambert's insurance claim. However, Lambert will not be permitted to offer evidence concerning State Farm's adherence to the Wind & Water Protocol when adjusting insurance claims for the other properties. The probative value of such evidence is substantially outweighed by the danger of confusion of

the issues and a misleading of the jury.[21]

Accordingly,

**IT IS ORDERED** that State Farm's motion *in limine* is **GRANTED**.

New Orleans, Louisiana, May 30, 2008.

                                     _____
                                            LANCE M. AFRICK
                                     **UNITED STATES DISTRICT JUDGE**

---

[21] Notwithstanding the Court's decision, any evidence offered for legitimate impeachment purposes will be considered at trial.